IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHON COLE,<br><br>                      **Plaintiff,**<br><br>v.<br><br>PHILLIPS 66 COMPANY and WRB REFINING, LP,<br><br>                      **Defendants.** | Case No. 20-CV-00106-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In January 2020, Plaintiff Rashon Cole brought this action against his former employer, Defendant Phillips 66 Company, and the owner of the Wood River Refinery, Defendant WRB Refining, LP, stating that he was subjected to a hostile work environment, discrimination, and retaliation based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e. He also made identical claims based on the Illinois Human Rights Act. Defendants moved for summary judgment on Cole's complaint (Doc. 69). Afterwards, Cole's counsel filed a motion to withdraw, and the Court granted the motion (Docs. 73, 76). In the hearing on the motion, the Court gave Cole his options: find counsel, or continue the case *pro se*. Cole stated that he wanted to dismiss the case, and the Court gave him direction on how to file a stipulation of dismissal. To give him time to dismiss, the Court extended Cole's time to respond to the Motion for Summary Judgement (Doc. 77). Cole never filed a stipulation of dismissal and he did not respond to the Motion.

Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." When a non-moving party fails to respond to a motion for summary judgment, its failure "constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995); *see also Terrell v. American Drug Stores*, 65 Fed. App'x 76, 77 (7th Cir. 2003). However, the Court is still obligated to ensure that the evidence submitted by Defendants properly substantiates their assertions of entitlement to summary judgment. Federal Rule of Civil Procedure 56(e) provides: "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ."

Summary judgment is the moment in a lawsuit where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*,

477 U.S. 317, 325 (1986). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

The Court initially points out that Cole's amended complaint acknowledges that Defendant WRB Refining, LP was the owner of the Wood River Refinery where Cole worked, while Defendant Phillips 66 Company was the operator of the facility (Doc. 25. P. 3). Defendant WRB Refining, LP did not employ Cole. It is also undisputed that Cole had several performance issues, including sleeping on the job; not following proper safety procedure, which eventually led to safety errors; and taking unexcused absences. Further, after Cole's actions led the safety errors, he had a mental breakdown, and took an extended medical leave. Defendant Phillips 66 then discovered that he had a suspended license for driving under the influence, which he did not report.

Getting to the claims, as Defendants state, Cole cannot establish that he was subjected to a hostile work environment based on his race. The conduct Cole complained about was not severe or pervasive, and there is no evidence that the conduct was based on his race.

The Court also agrees that Cole cannot establish that he was written up, suspended, or terminated in a discriminatory manner because of his race. The facts indicate that these actions were taken based on Cole's poor performance and serious character flaws. There is no evidence from which a reasonable fact finder could

conclude that Cole was written up, suspended, or terminated because of his race, nor that there was a pretextual basis for these actions.

The Court further concurs that there is no evidence of any causal connection between any of Cole's complaints and his suspension or termination that substantiates retaliation. Cole cannot even establish that relevant human resources employees were aware that he filed a complaint when the decision was made to terminate him.

Last, the Court accepts that Cole did not timely preserve a claim relating to his termination and failed to exhaust his administrative remedies. What is more, he failed to establish that he filed suit within 90-days of receiving his Equal Employment Opportunity Commission notice of right to sue as he was required to do.

Accordingly, the Court **GRANTS** Defendant Phillips 66 Company and WRB Refining, LP's Motion for Summary Judgment (Doc. 69) and Motion for Judgment on the Pleadings (Doc. 78). Plaintiff Rashon Cole's claims against Defendants are **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 7, 2021**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
